1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   LENORA GERALDINE ARAGON

6

7

8           IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
              SAN JOSE DIVISION

10 LENORA GERALDINE ARAGON,               Case No.  C07   04403  HRL

11                    Plaintiff,

12 v.                                     COMPLAINT

13                                        DEMAND FOR JURY TRIAL
   PATENAUDE & FELIX, A
14 PROFESSIONAL CORPORATION, a            15 United States Code § 1692 *et seq.*
   California corporation, and RAYMOND    California Civil Code § 1788 *et seq.*
15 ALCIDE PATENAUDE, individually and in
   his official capacity,

16                    Defendants.

17

18         Plaintiff, LENORA GERALDINE ARAGON (hereinafter "Plaintiff"), based on

19 information and belief and investigation of counsel, except for those allegations which pertain to the

20 named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the

21 following allegations:

22                        **I.  INTRODUCTION**

23         1.    This is an action for statutory damages, attorney fees and costs brought by an

24 individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

25 § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

26 California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

27 engaging in abusive, deceptive and unfair practices.

28 / / /

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5.      This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6.      Plaintiff, LENORA GERALDINE ARAGON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond Patenaude, Agent for Service of Process, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. The principal business of P&F is the collection of debts using the mails and telephone, and P&F regularly attempts to collect debts alleged to be due another. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

1    8.    Defendant, RAYMOND ALCIDE PATENAUDE, (hereinafter

2    "PATENAUDE"), is a natural person and licensed attorney in the state of California. PATENAUDE

3    may be served at his current business address at: Raymond Alcide Patenaude, Patenaude & Felix,

4    APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. PATENAUDE

5    is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6    9.    At all times herein mentioned, each of the Defendants was an officer, director,

7    agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all

8    said times, each Defendant was acting in the full course and scope of said office, directorship,

9    agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without

10   further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

11                    **VI.  FACTUAL ALLEGATIONS**

12   10.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

13   a financial obligation, namely a credit card account issued by Capital One Bank and bearing the

14   account number XXXX-XXXX-XXXX-0734 (hereinafter "the alleged debt"). The alleged debt was

15   incurred primarily for personal, family or household purposes and is therefore a "debt" as that term

16   is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code

17   § 1788.2(f).

18   11.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was

19   consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

20   12.    Thereafter Defendants sent a collection letter (Exhibit "1") to Plaintiff which

21   is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22   13.    The collection letter (Exhibit "1") is dated April 30, 2007.

23   14.    The collection letter (Exhibit "1") was the first written communication from

24   Defendants that was received by Plaintiff in connection with the collection of the debt allegedly

25   owed to Capital One Bank.

26   15.    The collection letter (Exhibit "1") was sent in an envelope on which a postage

27   meter stamp dated May 1, 2007, was imprinted.

28   16.    Plaintiff is informed and believes, and thereon alleges that Defendants

-3-
COMPLAINT

1  deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or

2  about May 1, 2007.

3            17.     Plaintiff received the envelope containing the collection letter (Exhibit "1")

4  from Defendants on or after May 2, 2007.

5            18.     The collection letter (Exhibit "1") was sent in an envelope which contained

6  a window through which information printed on the collection letter could be seen by anyone who

7  handled the collection letter.

8            19.     The collection letter (Exhibit "1") states:

9        Unless you notify us within THIRTY (30) days after receiving this notice that you

      dispute the validity of this debt or any portion thereof, this office will assume this

10       debt is valid. If you notice this office within THIRTY (30) days from receiving this

      notice, this office will: obtain verification of the debt or obtain a copy of a judgment

11       and mail you a copy of such judgment or verification. If you request this office

      within THIRTY (30) days after receiving this notice, this office will provide you

12       with the name and address of the original creditor, if different from the current

      creditor.

13

14                        **VII.  CLAIMS**

15              **FAIR DEBT COLLECTION PRACTICES ACT**

16           20.     Plaintiff brings the first claim for relief against Defendants under the Federal

17 Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

18           21.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

19 through 19 above.

20           22.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

21 1692a(3).

22           23.     Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA,

23 15 U.S.C. § 1692a(6).

24           24.     Defendant, PATENAUDE, is a "debt collector" as that term is defined by the

25 FDCPA, 15 U.S.C. § 1692a(6).

26           25.     The financial obligation allegedly owed to Capital One Bank by Plaintiff is

27 a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

28           26.     The collection letter and envelope (Exhibit "1") described above violate the

1  FDCPA.  The violations include, but are not limited to, the following:

2          a.  Defendants communicated with third parties in connection with the

3          collection of a debt from Plaintiff without Plaintiff's prior consent or

4          the express permission of a court of competent jurisdiction, in

5          violation of 15 U.S.C. § 1692c(b);

6          b.  Defendants' display and publication of Plaintiff's personal financial

7          information to third parties in connection with the collection of a debt

8          from Plaintiff is conduct the natural consequence of which is to

9          harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

10          c.  Defendants published Plaintiff's personal financial information to

11          third parties, in violation of 15 U.S.C. § 1692d(3)

12          d.  Defendants misrepresented Plaintiff's right to obtain a copy of the

13          debt verification or judgment against her, in violation of 15 U.S.C. §§

14          1692e and 1692e(10);

15          e.  Defendants misrepresented Plaintiff's right to obtain the name and

16          address of the original creditor, if it is different than the current

17          creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

18          f.  Defendants failed to send Plaintiff a written notice containing a

19          statement that if Plaintiff notifies Defendants *in writing* within the

20          thirty-day period that the debt, or any portion thereof, is disputed,

21          Defendants would obtain verification of the debt and that a copy of

22          the verification would be mailed to Plaintiff, in violation of 15 U.S.C.

23          § 1692g(a)(4);

24          g.  Defendants failed to send Plaintiff a written notice containing a

25          statement that upon Plaintiff's *written* request, Defendants would

26          provide Plaintiff with the name and address of the original creditor,

27          if different from the current creditor, in violation of 15 U.S.C. §

28          1692g(a)(5); and

1          h.      Defendants' display and publication of Plaintiff's personal financial

2                  information to third parties in connection with the collection of a debt

3                  from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C.

4                  § 1692f.

5      27.    Defendants' acts as described above were done intentionally with the purpose

6  of coercing Plaintiff to pay the alleged debt.

7      28.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

8  award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

9              **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

10     29.    Plaintiff brings the second claim for relief against Defendant, P&F, only under

11  the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-

12  1788.33.

13     30.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

14  28 above.

15     31.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

16  § 1788.2(h).

17     32.    Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA,

18  Cal. Civil Code § 1788.2(c).

19     33.    The financial obligation allegedly owed to Capital One Bank by Plaintiff is

20  a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

21     34.    The collection letter and envelope (Exhibit "1") described above violate the

22  RFDCPA.  The violations include, but are not limited to, the following:

23         a.      Defendant communicated with third parties in connection with the

24                 collection of a debt from Plaintiff without Plaintiff's prior consent or

25                 the express permission of a court of competent jurisdiction, in

26                 violation of 15 U.S.C. § 1692c(b), as incorporated by Cal. Civil Code

27                 § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d);

28         b.      Defendant's display and publication of Plaintiff's personal financial

-6-
COMPLAINT

1    information to third parties in connection with the collection of a debt

2    from Plaintiff is conduct the natural consequence of which is to

3    harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d,

4    as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §§

5    1788.12(c) and 1788.12(d);

6    c.    Defendant published Plaintiff's personal financial information to

7    third parties, in violation of 15 U.S.C. § 1692d(3), as incorporated by

8    Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and

9    1788.12(d);

10   d.    Defendants misrepresented Plaintiff's right to obtain a copy of the

11   debt verification or judgment against her, in violation of 15 U.S.C. §§

12   1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

13   e.    Defendants misrepresented Plaintiff's right to obtain the name and

14   address of the original creditor, if it is different than the current

15   creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as

16   incorporated by Cal. Civil Code § 1788.17;

17   f.    Defendants failed to send Plaintiff a written notice containing a

18   statement that if Plaintiff notifies Defendants *in writing* within the

19   thirty-day period that the debt, or any portion thereof, is disputed,

20   Defendants would obtain verification of the debt and that a copy of

21   the verification would be mailed to Plaintiff, in violation of 15 U.S.C.

22   § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17;

23   g.    Defendants failed to send Plaintiff a written notice containing a

24   statement that upon Plaintiff's *written* request, Defendants would

25   provide Plaintiff with the name and address of the original creditor,

26   if different from the current creditor, in violation of 15 U.S.C. §

27   1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17; and

28   h.    Defendant's display and publication of Plaintiff's personal financial

-7-

COMPLAINT

1    information to third parties in connection with the collection of a debt

2    from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C.

3    § 1692f, as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil

4    Code §§ 1788.12(c) and 1788.12(d).

5    35.    Defendant's acts as described above were done willfully and knowingly with

6    the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

7    1788.30(b).

8    36.    As a result of Defendant's willful and knowing violations of the RFDCPA,

9    Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

10    ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

11    37.    As a result of the Defendant's violations of the RFDCPA, the Plaintiff is

12    entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated

13    by Cal. Civil Code §1788.17.

14    38.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

15    an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

16    15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

17    39.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

18    RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

19    that Plaintiff may have under any other provision of law.

20    **VIII.  REQUEST FOR RELIEF**

21    Plaintiff requests that this Court:

22    a.    Assume jurisdiction in this proceeding;

23    b.    Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the

24    Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692e,

25    1692e(10), 1692g(a)(4), 1692g(a)(5) and 1692f;

26    c.    Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the

27    Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(c),

28    1788.12(d) and 1788.17;

-8-
COMPLAINT

1    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

2          15 U.S.C. § 1692k(a)(2)(A);

3    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

4          $1,000 pursuant to Cal. Civil Code § 1788.30(b);

5    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

6          15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

7    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

8          U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

9    h.    Award Plaintiff such other and further relief as may be just and proper.

10

11                              CONSUMER LAW CENTER, INC.

12
                                By: /s/ Fred W. Schwinn
13                                  Fred W. Schwinn, Esq.
                                    Attorney for Plaintiff
14                                  LENORA GERALDINE ARAGON

15

16               **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

17          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

18    named parties, there is no such interest to report.

19                                /s/ Fred W. Schwinn
                                  Fred W. Schwinn, Esq.
20

21

22                        **DEMAND FOR JURY TRIAL**

23          PLEASE TAKE NOTICE that Plaintiff, LENORA GERALDINE ARAGON, hereby

24    demands a trial by jury of all triable issues of fact in the above-captioned case.

25                                /s/ Fred W. Schwinn
                                  Fred W. Schwinn, Esq.
26

27

28

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| | | |
|---|---|---|
| [X] 4545 MURPHY CANYON RD, 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600 (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675 (866) 772-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD, STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |

230784-A1200

04/30/07

LENORA ARAGON
1470 SANBORN AVE
SAN JOSE, CA 951103615

RE:   Our Client:          CAPITAL ONE BANK
      Account Number:      5178052299330734
      Our File Number:     762.11095
      Account Balance:     $1,042.41

Dear LENORA ARAGON:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed.  If you wish to eliminate further collection action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

Raymond A. Patenaude, ESQ.

EXHIBIT
1

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
SEE REVERSE SIDE FOR IMPORTANT INFORMATION

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

PATENAUDE & FELIX, A.P.C.

A PROFESSIONAL LAW CORPORATION

4545 MURPHY CANYON ROAD, THIRD FLOOR
SAN DIEGO, CA 92123

**RETURN SERVICE REQUESTED**

LENORA ARAGON
1470 SANBORN AVE
SAN JOSE, CA 951103615

RE:     Our Client:
        Account Number:

CAPITAL ONE BANK
4170062000030034

CAVZAMP 95110

**PERSONAL AND CONFIDENTIAL**

PRESORTED
FIRST CLASS



Hasler

01:2346 05289
**$ 00.371**
05.01.2007
Mailed From  92123
US POSTAGE