1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   LENORA GERALDINE ARAGON
6

7

8               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                        SAN JOSE DIVISION

10  LENORA GERALDINE ARAGON,            Case No.  C07-04403-JW-HRL

11                       Plaintiff,

12  v.                                  JOINT CASE MANAGEMENT
                                        STATEMENT AND FEDERAL RULE
13                                      OF CIVIL PROCEDURE 26(f)
    PATENAUDE & FELIX, A                DISCOVERY PLAN
14  PROFESSIONAL CORPORATION, a
    California corporation, and RAYMOND Date:       Not Set
15  ALCIDE PATENAUDE, individually and in Time:     Not Set
    his official capacity,              Judge:      Honorable James Ware
16                                      Courtroom:  8, 4th Floor
                         Defendants.    Place:      280 South First Street
17                                                  San Jose, California

18

19      The parties in the above-entitled action hereby submit this Joint Case Management Statement

20  and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management

21  conference to be scheduled in this matter.

22      **1.    Jurisdiction and Service**

23      The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No

24  parties remain to be served.

25      **2.    Statement of Facts**

26          **a.    Plaintiff's Statement**

27      This case is brought by an individual consumer to address Defendants' violations of the Fair

28  Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and of the Rosenthal

Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA").  The violations stem from Defendants' communications attempting to collect a consumer debt from Plaintiff.  Correspondence between the parties has been attached to the Complaint as exhibits.

Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or otherwise transferred to Defendants.  Thereafter, Defendants sent Plaintiff a letter in an attempt to collect the alleged debt.  Defendants' collection letter states:

> Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Plaintiff contends that Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

Plaintiff contends that Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

Plaintiff contends that Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

Plaintiff contends that Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

Plaintiff contends that Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b), as well as Cal. Civil Code §§

-2-

1   1788.12(c), 1788.12(d), and 1788.17.

2       Plaintiff contends that Defendants' display and publication of Plaintiff's personal financial

3   information to third parties in connection with the collection of a debt from Plaintiff is conduct the

4   natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. §

5   1692d, as well as Cal. Civil Code §§ 1788.12(c), 1788.12(d), and 1788.17.

6       Plaintiff contends that Defendants published Plaintiff's personal financial information to

7   third parties, in violation of 15 U.S.C. § 1692d(3), as well as Cal. Civil Code §§ 1788.12(c),

8   1788.12(d), and 1788.17

9       Plaintiff contends that Defendants' display and publication of Plaintiff's personal financial

10  information to third parties in connection with the collection of a debt from Plaintiff is unfair or

11  unconscionable, in violation of 15 U.S.C. § 1692f, as well as Cal. Civil Code §§ 1788.12(c),

12  1788.12(d), and 1788.17.

13              **b.    Defendants' Statement**

14      Defendant, Patenaude & Felix, A.P.C., is a law firm which was retained by Capital One Bank

15  to represent it with respect to a delinquent credit card account opened by the Plaintiff. Defendant,

16  Raymond A. Patenaude is an attorney with Patenaude & Felix, as well as a principal.  Mr. Patenaude

17  is also the person who executed the "dunning letter" which is the basis of this lawsuit.

18      Defendants disagree with the Plaintiff's contention that the "dunning letter" violates the

19  FDCPA and/or the Rosenthal Act, and base their contention on the holding in the Ninth-Circuit case

20  of *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005), which held that it is

21  improper to require that the dispute be in writing.  It is Defendants' belief that by including language

22  in the "dunning letter" sent to the Plaintiff that any dispute needs to be in writing goes against the

23  holding in Camacho.  Defendants also disagree with the Plaintiff's contention that the manner in

24  which the "dunning letter" was mailed to the Plaintiff violated the FDCPA and/or Rosenthal Act.

25      **3.    Legal Issues**

26      The principal legal issues which the parties dispute:

27              a.    Whether Defendants communicated with third parties in connection with the

28                  collection of a debt from Plaintiff without Plaintiff's prior consent or the

-3-

express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b), and Cal. Civil Code §§ 1788.12(c), 1788.12(d), and 1788.17;

b.    Whether Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d, and Cal. Civil Code §§ 1788.12(c), 1788.12(d), and 1788.17;

c.    Whether Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3), and Cal. Civil Code §§ 1788.12(c), 1788.12(d), and 1788.17;

d.    Whether Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and Cal. Civil Code § 1788.17;

e.    Whether Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and Cal. Civil Code § 1788.17;

f.    Whether Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), and Cal. Civil Code § 1788.17;

g.    Whether Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), and Cal. Civil

-4-

Code § 1788.17; and

h.      Whether Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f , and Cal. Civil Code §§ 1788.12(c), 1788.12(d), and 1788.17.

**4.      Motions**

There are no Motions pending at this time.  However, Plaintiff will likely file a motion or motions for summary judgment or partial summary judgment.  Although a final determination has not yet been made, if Defendants do file any Motion(s) it is believed that they will file a Motion for Summary Judgment and/or Summary Adjudication.

**5.      Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

At this time, Defendants do not anticipate amending their Answers.  Defendants reserve the right to seek leave of the Court to amend their Answers if Discovery, or additional information, warrants an amendment.

**6.      Evidence Preservation**

Defendants have directed their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.  Plaintiff will preserve all documents related to the subject matter of this case.

**7.      Disclosures**

**a.      Plaintiff's Statement**

Plaintiff served formal written disclosures on October 23, 2007, as required by Fed. R. Civ. P. 26(a)(1).

**b.      Defendants' Statement**

Defendants served their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on November 15, 2007.

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN          Case No.  C07-04403-JW-HRL

1    **8.    Discovery**

2    **Plaintiff's Discovery:**  Plaintiff will serve Interrogatories and Requests for Production of

3    Documents shortly.

4    **Defendants' Discovery:**

5    Defendants anticipate serving written Interrogatories, Production Demands and Requests for

6    Admissions on the Plaintiff.  At this time, other than the Plaintiff, Defendants do not believe that

7    they will be deposing any other people.  However, if Discovery reveals additional persons or entities

8    with information pertaining to this matter, Defendants reserve the right to depose those persons or

9    entities.

10    **9.    Class Actions**

11    This case is not a class action.  Plaintiff reserves the right to seek leave of the Court to file

12    an amended Complaint containing class allegations.  Defendants reserve the right to oppose any

13    attempt to add class allegations.

14    **10.    Related Cases**

15    The parties are not aware of any related cases at this time.

16    **11.    Relief**

17    **a.    Plaintiff's Statement**

18    The Plaintiff requests that this Court:

19            i.    Declare that Defendants' collection letter violates the Fair Debt

20            Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3),

21            1692e, 1692e(10), 1692g(a)(4), 1692g(a)(5) and 1692f;

22            ii.    Declare that Defendant's collection letter violates the Rosenthal Fair

23            Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(c),

24            1788.12(d) and 1788.17;

25            iii.    Award Plaintiff statutory damages in an amount not exceeding

26            $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

27            iv.    Award Plaintiff a statutory penalty in an amount not less than $100

28            nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

-6-

1         v.      Award Plaintiff statutory damages in an amount not exceeding

2              $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by

3              Cal. Civil Code §1788.17;

4         vi.    Award Plaintiff the costs of this action and reasonable attorneys fees

5              pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§

6              1788.30(c) and 1788.17; and

7         vii.   Award Plaintiff such other and further relief as may be just and

8              proper.

9       **b.**    **Defendants' Statement**

10    Defendants respectfully request that this Court:

11          i.      Enter Judgment in favor of the Defendants;

12         ii.    Find that Defendants' "dunning letter" and the method in which it

13              was mailed does/did not violate the FDCPA, 15 U.S.C. §§ 1692e,

14              1692e(10), 1692g(a)(4), 1692g(a)(5), 1692c(b), 1692d, 1692d(3)

15              and/or 1692(f);

16         iii.   Find that Defendant's "dunning letter" and the method in which it

17              was mailed does/did not violate the Rosenthal Fair Debt Collection

18              Practices Act, Cal. Civil Code §§ 1788.12(c); 1788.12(d) and/or

19              1788.17;

20         iv.    Award Defendants their costs of suit, and reasonable attorneys fees,

21              pursuant to 15 U.S.C. §1692k(a)(3); and Cal. Civil Code §

22              1788.30(c); and

23          v.      Award Defendants such other relief as the Court deems just and

24              proper.

25    **12.**    **Settlement and ADR**

26    The parties have filed a Stipulation and Proposed Order selecting Mediation as the ADR

27   process in this case.

28   / / /

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN     Case No.  C07-04403-JW-HRL

**13.    Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a Magistrate Judge for all purposes.

**14.    Other References**

None at this time.

**15.    Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.    Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.    Scheduling**

| | |
|---|---|
| Initial Case Management Conference | Not Scheduled |
| Close of Fact Discovery | May 30, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | June 17, 2008 |
| Last Day to File Dispositive Motions | July 21, 2008 |
| Opposition to Dispositive Motions | August 4, 2008 |
| Replies to Dispositive Motions | August 11, 2008 |
| Hearing on Dispositive Motions | August 25, 2008, at 9:00 a.m. |
| Final Pre-Trial Conference | September 15, 2008, at 3:00 p.m. |
| Jury Trial | October 6, 2008, at 9:00 a.m. |

**18.    Trial**

The parties anticipate that the action can be ready for trial in October, 2008.

Estimated length of trial is 2-3 days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

    **a.    Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

-8-

i.    Lenora Geraldine Aragon, an individual residing in San Jose, California.

**b.    Defendants' Statement**

Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

i.    Patenaude & Felix, A.P.C., an law firm located in San Diego County, California.

ii.    Raymond A. Patenaude, an individual residing in San Diego County, California.

**20.    Other Matters**

None at this time.


Dated:  November 27, 2007                       /s/ Fred W. Schwinn
                                              Fred W. Schwinn, Esq.
                                              Attorney for Plaintiff
                                                LENORA GERALDINE ARAGON


Dated:  November 27, 2007                       /s/ Mathew B. Golding
                                                Mathew B. Golding
                                              Attorney for Defendants
                                                PATENAUDE & FELIX, A
                                              PROFESSIONAL CORPORATION,
                                              and RAYMOND ALCIDE
                                              PATENAUDE

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN        Case No.  C07-04403-JW-HRL